[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
JUDGMENT: Affirmed
{¶ 1} Appellant, Zelpha Myers, and appellee, Charles Myers, were married on October 7, 1993. On May 14, 2004, appellee filed a complaint for divorce.
 {¶ 2} A hearing was held on July 20, 2005. By judgment entry filed November 14, 2005, the trial court granted the parties a divorce, divided the parties' property and granted appellant spousal support in the amount of $800.00 per month for forty-eight months.
 {¶ 3} Appellant filed an appeal on December 13, 2005 and assigned the following errors:
 I {¶ 4} "THE TRIAL COURT ERRED IN FINDING THAT THE RESTAURANT THE WIFE HAD OWNED PRIOR TO THE MARRIAGE HAD BECOME MARITAL PROPERTY."
 II {¶ 5} "A TRIAL COURT ABUSES ITS DISCRETION IN DIVIDING MARITAL PROPERTY IN AN INEQUITABLE MANNER WHERE THE COURT ASSIGNS THE OVERWHELMING DEBT TO A SPOUSE WHO IS LEAST ABLE TO PAY THE OBLIGATIONS."
 III {¶ 6} "THE TRIAL COURT ERRED IN FINDING THAT PAYMENT BY THE WIFE ON THE HUSBAND'S $23,000.00 ALIMONY ARREARAGE, OWED TO THE PREVIOUS SPOUSE, WAS A GIFT AND NOT TO BE CONSIDERED IN EITHER A PROPERTY DIVISION OR SPOUSAL SUPPORT PAYMENT."
 {¶ 7} Appellee filed an appeal on December 14, 2005 and assigned the following errors:
 CROSS-ASSIGNMENT OF ERROR I {¶ 8} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN AWARDING SEPARATE PROPERTY TO THE APPELLEE/WIFE ZELPHA C. MYERS."
 CROSS-ASSIGNMENT OF ERROR II {¶ 9} "THE TRIAL COURT ABUSED ITS DISCRETION IN APPLYING THE FACTORS OF O.R.C. SECTION 3105.18(C)(1) TO THE FACTS AND CIRCUMSTANCES OF THE CASE AND THEREFORE FAILED TO REACH AN EQUITABLE RESULT WHEN IT AWARDED SPOUSAL SUPPORT TO APPELLEE/WIFE."
 {¶ 10} This matter is now before this court for consideration.
 I {¶ 11} Appellant claims the trial court erred in finding a restaurant she owned prior to the marriage was marital property. We disagree.
 {¶ 12} In dividing property, the trial court is provided with broad discretion in deciding what is equitable upon the facts and circumstances of each case. Cherry v. Cherry (1981), 66 Ohio St.2d 348. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb. v. Holcomb (1989), 44 Ohio St.3d 128. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 13} "Separate property" as defined in R.C. 3105.171(A)(6)(a) "means all real and personal property and any interest in real or personal property that is * * * acquired by one spouse prior to the date of the marriage." R.C. 3105.171(A)(3)(a) defines "marital property" as follows in pertinent part:
 {¶ 14} "(i) All real and personal property that currently is owned by either or both of the spouses, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;
 {¶ 15} "(ii) All interest that either or both of the spouses currently has in any real or personal property, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;
 {¶ 16} "(iii) Except as otherwise provided in this section, all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage."
 {¶ 17} Prior to her marriage, appellant owned a small restaurant in West Lafayette, Ohio. During the marriage, appellant sold the restaurant. The buyers defaulted on payment. As a result, the restaurant was reacquired via a quit claim deed listing both appellant and appellee as the grantees. In order to reopen the restaurant, the parties executed a mortgage and note in both of their names in the amount of $70,000.00.
 {¶ 18} Appellant argues the restaurant should be considered her separate property as the trial court erred in finding the restaurant transmuted into marital property. In support of her argument, appellant lists the following factors in her brief at 6-7, enumerated in Kuehn v.Kuehn (1988), 55 Ohio App.3d 345, which should be considered in determining the issue of transmutation:
 {¶ 19} "1. The expressed intent of the parties, insofar is [sic] it can be reliably ascertained;
 {¶ 20} "2. The source of the funds, if any, used to acquire the property;
 {¶ 21} "3. The circumstances surrounding the acquisition of the property;
 {¶ 22} "4. The dates of marriage, the acquisition of the property, the claimed transmutation, and the breakup of the marriage;
 {¶ 23} "5. The inducement for and/or purpose of the transaction which gave rise to the claimed transmutation;
 {¶ 24} "6. The value of the property and its significance to the parties."
 {¶ 25} Funds from the sale of the restaurant during the marriage were used to purchase the marital residence. In its November 14, 2005 judgment entry, the trial court adjusted the marital equity to allow for the use of the restaurant funds in the construction of the marital home as follows:
 {¶ 26} "1. The Wife is awarded the marital residence with a FMV of $148,000.00 and mortgages of $34,315, leaving equity of $113,685.00. Wife shall be responsible for the mortgage. The Court finds from the evidence that Wife used $32,364.00 from the sale of her prior home and the sum of $33,738.00 from the sale of her restaurant, building and land, to cover some of the construction costs of said residence. The marital equity is found to be $47,583.00. The oil and gas rights shall be awarded with the property and have been considered in the determination of the FMV of the property."
 {¶ 27} Appellant now seeks to have the reacquisition of the restaurant and the subsequent mortgage in the amount of $70,000.00 counted again as separate property. T. at 100-101. We find the trial court was correct in concluding the reacquisition of the restaurant and the subsequent mortgage in both their names deemed the restaurant to be marital property. The trial court found the marital equity was essentially the mortgaged value.
 {¶ 28} Upon review, we find the trial court did not err in finding the restaurant to be marital property.
 {¶ 29} Assignment of Error I is denied.
 II {¶ 30} Appellant claims the trial court erred in assigning the majority of the marital debt to her. We disagree.
 {¶ 31} As stated supra, property division determinations are reviewed under an abuse of discretion standard. Cherry; Blakemore.
 {¶ 32} Appellant argues appellee received his business free and clear of debt and she received the marital property encumbered by debt.
 {¶ 33} Although appellant received the debt associated with the marital residence and the restaurant, she was given credit for her contribution of her separate property in the equity of the marital residence. The debt on the restaurant is on a business that is viable, functional and has historically paid off its debts.
 {¶ 34} Upon review, we find the trial court did not abuse its discretion in allocating the debt to appellant in alignment with her retention of the respective assets.
 {¶ 35} Assignment of Error II is denied.
 III {¶ 36} Appellant claims her payment on appellee's spousal support order involving appellee's wife should not have been designated as a gift. We disagree.
 {¶ 37} In its November 14, 2005 judgment entry, the trial court determined appellant "paid $23,000.00 of Husband's Court Ordered spousal support to his prior Wife. The Court finds that said payment was a gift from Wife to Husband."
 {¶ 38} Appellant used a substantial portion of her separate property to pay off appellee's $23,000.00 spousal support arrearage and obligation. T. at 134. Appellee admitted that appellant paid at least half. T. at 103-104. This payment was made during the course of the marriage, almost ten years prior to the divorce. T. at 105. Undoubtedly, the payment in lieu of contempt was of some benefit to appellant and had a continued benefit throughout the marriage as appellee's debt was extinguished thereby leaving more funds available to the parties. T. at 105-106. We find the payment should not impact the divorce because it was made almost ten years prior to the divorce.
 {¶ 39} Upon review, we find the trial court did not err in designating the payment as a gift.
 {¶ 40} Assignment of Error III is denied.
 CROSS-ASSIGNMENT OF ERROR I {¶ 41} Appellee claims the trial court erred in finding that appellant contributed separate property funds to the construction of the marital home. We disagree.
 {¶ 42} Appellee argues appellant failed to trace the funds. Appellee stated appellant paid all the bills and managed all the money. T. at 89, 92. Appellant stated she put $80,000.00 of her separate property, proceeds from the sale of her home prior to marriage and the restaurant, into the purchase of the marital home. T. at 24-30. Appellee admitted only $50,000.00 was mortgaged on a property worth $148,000.00. T. at 51-52.
 {¶ 43} The remaining monies could have come from separate property. The trial court was forced to determine which party was more credible on the issue, and chose to accept appellant's testimony of the use of her separate property. T. at 26-27.
 {¶ 44} Upon review, we find the trial court did not err in finding appellant contributed her separate funds to the marital home.
 {¶ 45} Cross-Assignment of Error I is denied.
 CROSS-ASSIGNMENT OF ERROR II {¶ 46} Appellee claims the trial court's award to appellant of $800.00 for forty-eight months as spousal support was not an equitable resolution. We disagree.
 {¶ 47} An award of spousal support rests within the trial court's sound discretion. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64;Blakemore. R.C. 3105.18 governs spousal support. Subsection (C)(1) states the following:
 {¶ 48} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 49} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 50} "(b) The relative earning abilities of the parties;
 {¶ 51} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 52} "(d) The retirement benefits of the parties;
 {¶ 53} "(e) The duration of the marriage;
 {¶ 54} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 55} "(g) The standard of living of the parties established during the marriage;
 {¶ 56} "(h) The relative extent of education of the parties;
 {¶ 57} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 58} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 59} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 60} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 61} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 62} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 63} Appellee argues his disposable income is inadequate to pay an $800.00 per month spousal support order. We find this argument overlooks the facts that he has an excavation business that is free and clear of debt, appellant has assumed virtually all of the marital debt and appellant paid appellee $13,167.50 to equalize the property division award. Although appellee argues appellant is entitled to social security benefits, there is no evidence that she is receiving them. Further, appellee earns income from Reardon and Jones Metal. T. at 81, 85-86.
 {¶ 64} Given the disparity in the parties' income and the assumption of most of the marital debt by appellant, we find the trial court did not err in awarding appellant a limited four year spousal support amount.
 {¶ 65} Upon review, we find the trial court did not err in ordering appellee to pay appellant spousal support in the amount of $800.00 per month for forty-eight months.
 {¶ 66} Cross-Assignment of Error II is denied.
 {¶ 67} The judgment of the Court of Common Pleas of Coshocton County, Ohio is hereby affirmed.
By Farmer, J.Wise, P.J. and Boggins, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Coshocton County, Ohio is affirmed.